UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BOOTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM,<br><br>　　　　Defendant. | No.  2:20-cv-1562 AC P<br><br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

**I.     Introduction**

Plaintiff Patrick Booth is a state prisoner incarcerated at Mule Creek State Prison (MCSP) under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a request to proceed in forma pauperis, a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a motion for preliminary injunctive relief.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, the undersigned grants plaintiff's request to proceed in forma pauperis, finds the complaint inadequate for service but grants leave to amend, and recommends the denial of plaintiff's motion for preliminary injunctive relief.

**II.     In Forma Pauperis Application**

Plaintiff has submitted an affidavit and prison trust account statement that make the

showing required by 28 U.S.C. § 1915(a).  See ECF Nos. 6, 8.[1]  Accordingly, plaintiff's request to proceed in forma pauperis will be granted.  Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### III.     Screening of Plaintiff's Complaint

#### A.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

---

[1] Plaintiff's initial request to proceed in forma pauperis, ECF No. 2, will be denied as incomplete.

2

1   Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555).  To survive dismissal for failure to
2   state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a
3   claim to relief that is plausible on its face.'"  Iqbal at 678 (quoting Twombly at 570).  "A claim
4   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
5   reasonable inference that the defendant is liable for the misconduct alleged.

6       "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however
7   inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by
8   lawyers.'"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,
9   106 (1976) (internal quotation marks omitted)).  See also Fed. R. Civ. P. 8(e) ("Pleadings shall be
10  so construed as to do justice.").  Additionally, a pro se litigant is entitled to notice of the
11  deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies
12  cannot be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

13          **B.**       **The Complaint**

14      The complaint names one defendant, California Governor Gavin Newsom, against whom
15  plaintiff alleges violation of his Eighth Amendment rights against cruel and unusual punishment
16  based on the failure of MCSP to provide adequate means for prisoners to reduce their exposure to
17  COVID-19.  The complaint is styled as a class action and identifies eighteen additional plaintiffs.
18  Plaintiff challenges prison overcrowding as reflected in double celling, which prevents inmates
19  from social distancing as generally recommended by the Governor.  Plaintiff seeks damages, the
20  retroactive nullification of sentencing enhancements, and release of all prisoners not sentenced to
21  death.

22          **C.**       **Failure to State a Cognizable Claim**
23              1**.**       **A Pro Se Plaintiff Cannot Pursue a Class Action**

24      Plaintiff proceeding pro se cannot pursue this case as a class action on behalf of other
25  prisoners.  A pro se inmate cannot represent anyone other than himself in a conditions-of-
26  confinement suit.  "A litigant appearing in propria persona has no authority to represent anyone
27  other than himself."  Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); see also McShane
28  v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (privilege to appear without counsel is

1  personal to the litigant). "Although a non-attorney may appear in propria persona in his own
2  behalf, that privilege is personal to him. He has no authority to appear as an attorney for others
3  than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987) (citations
4  omitted). "[A]n inmate does not have standing to sue on behalf of his fellow prisoners. Rather,
5  the prisoner must allege a personal loss and seek to vindicate a deprivation of his own
6  constitutional rights." Weaver v. Wilcox, 650 F2d 22, 27 (3rd Cir. 1981) (Citations omitted.)).
7  Thus, "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to
8  represent his fellow inmates in a class action." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th
9  Cir. 1975) (citation omitted).
10     For these reasons, the court must construe this action as an individual civil rights suit
11  brought by plaintiff alone. If plaintiff files an amended complaint, he must do so only on his own
12  behalf.

### 2.   **Appropriate Defendant and Available Relief**

14     The sole defendant named in the complaint is California Governor Gavin Newsom in his
15  individual capacity. Plaintiff cannot pursue an individual capacity suit against Governor Newsom
16  because the complaint does not allege that the Governor, acting in his personal capacity, violated
17  plaintiff's rights. "The inquiry into causation must be individualized and focus on the duties and
18  responsibilities of each individual defendant whose acts or omissions are alleged to have caused a
19  constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations
20  omitted). The complaint alleges instead that the Governor has failed, in his official capacity, to
21  reduce prison crowding. A state official sued in his official capacity is a suit against the state, and
22  monetary damages suits against such officials are barred by the Eleventh Amendment. See
23  Kentucky v. Graham, 473 U.S. 159, 169-70 (1985); Atascadero State Hospital v. Scanlon, 473
24  U.S. 234, 237-38 (1985). Therefore this action cannot proceed as an official capacity suit for
25  damages.
26     However, in a suit for prospective injunctive relief at the prison where plaintiff is
27  incarcerated, the MCSP Warden in his official capacity may be an appropriate defendant. See
28  Will v. Michigan Dept. of State Police, 491 U.S. 58, 92 (1989) (suit for injunctive relief is not

barred by the Eleventh Amendment provided the official has authority to implement the requested relief). "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991), and Kentucky v. Graham, 473 U.S. at 166).

Therefore, in an amended complaint for prospective injunctive relief only, plaintiff may name the MCSP Warden in his official capacity.

### 3. Failure to State an Eighth Amendment Claim

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . The Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, in situations where the challenged "conduct is harmful enough to satisfy the objective component of an Eighth Amendment claim, whether it can be characterized as 'wanton' depends upon the constraints facing the *official*." Wilson v. Seiter, 501 U.S. 294, 303 (1991) (citations omitted) (original emphasis). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," the evidence must show the defendant acted with a "sufficiently culpable state of mind." Id. at 297 (internal quotation marks, emphasis and citations omitted).

Thus, to state a cognizable Eighth Amendment claim for injunctive relief against the MCSP Warden, plaintiff's allegations and the requested relief must be directed to those matters within the Warden's official discretion – for example, MCSP disinfection procedures, rather than the wholesale nullification of sentencing enhancements or release of prisoners. "[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners. Plata v. Newsom, __ F.3d. __, 2020 WL 1908776, at *1, 2020 U.S. Dist. LEXIS 70271 (N.D. Cal. Apr. 17, 2020). Nevertheless, state officials are striving to reduce that risk. See id. at *4-5 (noting measures implemented to reduce infection and transmission of COVID-19 among state

prisoners).  Therefore both the current efforts of prison officials to reduce COVID-19 exposure to prisoners, and the institutional constraints in meeting specific goals, must be considered in assessing whether a defendant's response to the COVID-19 pandemic is objectively unreasonable.

Furthermore, plaintiff's allegations and requested relief must be specific to his personal experience and needs.  This narrow focus, required to state a cognizable constitutional claim, is also reflected in the requirement that plaintiff exhaust available prison administrative remedies before commencing a federal suit.  See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  Plaintiff's statement that he intentionally declined to pursue his administrative remedies,[2] appears to support an independent ground for dismissing his complaint.  See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied sub nom. Scott v. Albino, 135 S. Ct. 403 (2014) (a prisoner complaint is subject to dismissal at the pleading stage "[i]n the rare event that a failure to exhaust is clear on the face of the complaint").[3]  "The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation."  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (citations omitted).

---

[2] Plaintiff states that his filed this action "on an emergency situation . . . due to the amount of time if takes for [administrative] relief."  ECF No. 1 at 12.

[3] Although the question of administrative exhaustion is generally addressed in a motion for summary judgment, see Albino, 747 F.3d at 1172, plaintiff is informed that the Supreme Court has held there are only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief."  Ross v. Blake, 136 S. Ct. 1850, 1859 (2016).  These circumstances are as follows:  (1) the "administrative procedure . . . operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  Id. at 1859-60 (citations omitted).  Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account."  Id. at 1856-57.

For these several reasons, the court will not direct service of plaintiff's complaint. However, plaintiff will be granted leave to file an amended complaint subject to the requirements set forth herein.

### IV.     Plaintiff's Motion for Preliminary Injunctive Relief

Plaintiff seeks the following preliminary injunctive relief to reduce his exposure and that of other MCSP inmates to COVID-19:  allow only one inmate per cell to facilitate social distancing (stop double celling); provide clean masks to prisoners as needed (stop requiring inmates to wash their dirty masks with state soap that burns their faces); provide prisoners with clean masks as needed; turn off five-minute shower timers to permit prisoners adequate time to cleanse and rinse their entire bodies; require MCSP to issue and publish Daily Program Status Reports (recently suspended) to inform prisoners, their families, the public and the courts of the prison's  modified programming; regularly disinfect common areas; and direct MCSP staff to refrain from retaliating against prisoners for pursuing these matters.  See ECF No. 9.

#### A.     Legal Standards

"A preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) [] (footnotes omitted); it is never awarded as of right, Yakus v. United States, 321 U.S. 414, 440 (1944)." Munaf v. Geren, 553 U.S. 674, 689-90 (2008).  "The sole purpose of a preliminary injunction is to "preserve the status quo ante litem pending a determination of the action on the merits." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)); see also 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010)

In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter).  The propriety of a request for injunctive relief hinges on a significant threat of

7

1   irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844
2   F.2d 668, 674 (9th Cir. 1988).  A preliminary injunction is appropriate when a plaintiff
3   demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply
4   toward the plaintiff, . . . assuming the other two elements of the Winter test are also met."
5   Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).
6       An injunction against individuals who are not parties to the action is strongly disfavored.
7   Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).
8       Additionally, in cases brought by prisoners involving conditions of confinement, any
9   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
10  harm the court finds requires preliminary relief, and be the least intrusive means necessary to
11  correct the harm."  18 U.S.C. § 3626(a)(2).

**B.    Discussion and Recommendation**

13      For the reasons discussed above on screening, plaintiff may pursue this action—and
14  therefore preliminary injunctive relief—only on his own behalf.
15      At present, this case does not present a cognizable claim in a viable pleading against an
16  appropriate defendant.  These deficiencies preclude meaningful analysis of the Winter factors and
17  the granting of preliminary injunctive relief.  Because there is no cognizable claim before the
18  court, it is impossible to determine whether there are serious questions going to the merits.
19  Although it is clear that plaintiff is alleging realistic threats to his health, it is not clear that the
20  preliminary relief he seeks is necessary to prevent irreparable injury at the present time.
21      For these reasons, the undersigned recommends that the pending motion for preliminary
22  injunctive relief, ECF No. 9, be denied without prejudice.

**V.    Leave to File a First Amended Complaint**

24      Due to the deficiencies in plaintiff's complaint, as set forth above, it is not suitable for
25  service.  Plaintiff will be granted leave to file a proposed First Amended Complaint (FAC) within
26  thirty days, in which he may attempt to state a cognizable federal claim subject to the legal
27  standards set forth herein.  The FAC must be on the form provided herewith, labeled "First
28  Amended Complaint," and provide the case number assigned this case.  The FAC must be

complete in itself without reference to the original complaint. <u>See</u> Local Rule 15-220; <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).

The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

### VI. Plain Language Summary for Pro Se Litigant

You have been granted in forma pauperis status and will pay the filing fee in small amounts over time.

The court has screened your complaint and found that it does not, as framed, state a cognizable claim. You are being given the opportunity to file an amended complaint that specifically describes the practices, procedures and/or policies that allegedly violate your own personal constitutional rights, explains why these are deficient, and how you are being harmed. The governor cannot be sued for damages and does not appear to be an appropriate defendant. You may name the MCSP Warden as a defendant to pursue a claim for prospective injunctive relief, but not to pursue a claim for monetary damages. Your amended complaint must be limited to your own specific experiences and needs; you may not pursue a class action or represent the interests of other inmates. In addition, you should consider whether it is appropriate to file a further complaint in this action before exhausting your administrative remedies; alternatively, you may pursue the same matters in a new action after exhausting your administrative remedies.

If you file an amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A. You are not obligated to file an amended complaint. If you do not file an amended complaint, this court will recommend that your action be dismissed without prejudice.

### VII. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 8, is GRANTED; plaintiff's initial request to proceed in forma pauperis, ECF No. 2, is DENIED as incomplete.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint, ECF No. 1, is found on screening not to state a claim for relief. Rather than recommending dismissal at this time, the undersigned grants plaintiff leave to file a First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

4. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

5. The Clerk of Court is also directed to randomly assign a district judge to this action.

In addition, for the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunctive relief, ECF No. 9, be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10