UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. BOOTH, | No. 2:20-cv-1562 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff has filed motions requesting subpoenas, the appointment of counsel, and an extension of time.  ECF Nos. 44, 45.

Plaintiff has requested thirty-six blank subpoenas and forms for filing in the United States District Court for the Southern District of New York.  ECF No. 44.  Because plaintiff states he requires the subpoenas for a jury trial and it has not yet been determined that this case will proceed to trial, the request for subpoena forms will be denied.  The request for forms from the United States District Court for the Southern District of New York will also be denied.  If plaintiff wants forms for a specific court, he must make a request to that court.

Plaintiff has also requested the appointment of counsel and an extension of time for counsel to prepare for trial.  ECF No. 45.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the

district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the ground that he has been transferred to the Madera County Jail for state habeas proceedings and is being denied access to all of his legal property, which was transferred to the jail with him. ECF No. 45. He also asserts that he sent legal papers to his wife for safekeeping, but the jail permits only handwritten mail, no copies. Id. at 2. While plaintiff asserts that he is being denied access to all of his legal property, it is unclear whether he is claiming that he is being denied all access or whether he is being denied access to view all of his property at once. He also does not explain whether he has attempted to file grievances related to the issue or otherwise attempted to obtain assistance from appropriate jail staff to resolve the matter. To the extent plaintiff appears to claim that he is unable to obtain copies of necessary documents from his wife due to the jail's mail policy, there is no indication that he has attempted to address this issue with jail staff. Moreover, plaintiff indicates that he intends to file the documents in his wife's possession as discovery, but discovery documents should not be filed with the court unless they are being submitted in relation to briefing on a motion. If plaintiff intends to send these documents to defendants' counsel in response to discovery requests, he fails to explain why he is unable to have his wife send the documents for him. Limitations on properly and mail are not extraordinary circumstances for a prisoner, and plaintiff has not shown that appointment of counsel is the only way to resolve the issues. For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the

appointment of counsel and the motion will be denied. The request for an extension of time for counsel to prepare for trial will also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for forms (ECF No. 44) is DENIED; and
2. Plaintiff's motion for the appointment of counsel and an extension of time (ECF No. 45) is DENIED.

DATED: May 31, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE